# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Michael McCoy,

        Petitioner,

                            Case No. 18-cv-10179

v.

                            Judith E. Levy
                            United States District Judge

Tom Winn,

                            Mag. Judge Mona K. Majzoub

        Respondent.

_____/

## OPINION AND ORDER STAYING THE CASE AND HOLDING PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE [18]

Petitioner Michael McCoy is incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan. Following a jury trial in the Wayne County Circuit Court, McCoy was convicted of assault with intent to commit murder, Mich. Comp. Laws § 750.83, assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, armed robbery, Mich. Comp. Laws § 750.529, felon in possession of a firearm, Mich. Comp. Laws § 750.224f(2), and felony-firearm, Mich. Comp. Laws § 750.227(b). Petitioner's conviction was affirmed on appeal. *People v.*

*McCoy*, No. 326142, 2016 WL 3571022 (Mich. Ct. App. June 30, 2016), *lv. den.,* 500 Mich. 934 (2017).

On January 17, 2018, McCoy filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He challenges each of his convictions on insufficient evidence grounds. (ECF No. 1, PageID.2.) On January 17, 2020, McCoy, now represented by counsel, filed a motion to hold his petition in abeyance so that he might return to state court to file a post-conviction motion for relief from judgment. (ECF No. 18.) McCoy seeks to challenge his convictions on the grounds that the state-court judge found and used in sentencing facts not found by the jury, in violation of Petitioner's Sixth Amendment rights, and that McCoy's appellate counsel was ineffective for failing to bring that claim on direct appeal. (*Id.* at PageID.869.) McCoy has not previously raised these claims in any state court; nor did he include them in his original habeas petition.

The Court will hold the petition in abeyance and stay the proceedings under the terms outlined below to permit McCoy to return to the state courts in order to exhaust his additional claims.

**II. Legal Standard**

A habeas petitioner who is concerned about the possible effects of their state post-conviction filings on the Antiterrorism and Effective Death Penalty Act of 1996's statute of limitations can file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269, 278 (2005)). A federal court may stay a habeas petition and hold further proceedings in abeyance, pending resolution of state-court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015) (citing *Rhines,* 544 U.S. at 277). Although *Rhines* addressed a mixed habeas petition, in which the petitioner brought both exhausted and unexhausted claims, this Court has held that similar considerations play into a court's decision to stay a habeas petition that presents only exhausted claims, as Petitioner's does here. *See Cain v. McCullick*, No. 17-12267, 2017 WL 3017500, at *2 (E.D. Mich. July 17, 2017). The Sixth Circuit instructs that a district court, in adjudicating a fully exhausted habeas petition, may "delay decision . . . when considerations of comity and judicial

economy would be served." *Bowling v. Haeberline*, 246 Fed. App'x 303, 306 (6th Cir. 2007); *see also Thomas*, 89 F. Supp. 3d at 942 (discussing judicial economy as a factor in assessing whether to stay an exhausted habeas petition).

**III. Analysis**

McCoy's unexhausted claims are not plainly meritless. In *Robinson v. Woods*, the Sixth Circuit granted habeas relief to a petitioner on the grounds that the use of judge-found facts to increase the mandatory minimum of his sentence was contrary to the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), and violated the petitioner's Sixth Amendment rights. 901 F.3d 710, 712 (6th Cir. 2018). Here, Petitioner alleges that his sentencing judge made factual findings that increased his Offense Variable by ten points, thereby increasing his mandatory sentencing guidelines. (ECF No. 18, PageID.889.) Petitioner's appellate counsel did not raise a Sixth Amendment argument on appeal. (ECF No. 18, PageID.890.) Neither of Petitioner's additional claims clearly lack merit.

Petitioner has good cause for failure to exhaust his additional claims. The Sixth Circuit has recognized that good cause can be satisfied

4

with respect to an ineffective assistance of counsel claim when a petitioner's counsel failed to raise claims before state courts. *Wagner v. Smith,* 581 F.3d 410, 419, nn. 4-5 (6th Cir. 2009). Moreover, Petitioner's lack of familiarity with the law, limited library time, and *pro se* status post-conviction all support holding the petition in abeyance, particularly now that Petitioner has retained counsel. (ECF No. 16, PageID.862-863.)

Granting McCoy's request for a stay is also in the interest of fairness and judicial efficiency. Were this Court to dismiss McCoy's current petition while state courts are adjudicating his additional claims, McCoy would have to clear the high hurdle required to file a second habeas petition should he seek to return to federal court. *Thomas*, 89 F. Supp. 3d at 942 (citing 28 U.S.C. 2244(b)(2)). Parallel proceedings also raise judicial efficiency concerns: "[I]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

Accordingly, McCoy's motion to hold the petition in abeyance while he returns to the state courts to exhaust additional claims is granted. When a district court determines that a stay is appropriate pending

5

exhaustion of state-court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. McCoy will have ninety days from the date of this Order to file a post-conviction motion for relief from judgment with the state trial court. *See Hargrove v. Brigano,* 300 F.3d 717, 718 (6th Cir. 2002). After exhausting his state-court remedies, McCoy must ask this Court to lift the stay within ninety days. If the conditions of the stay are not met, the Court may vacate the stay and adjudicate Petitioner's original petition as filed.

### IV. ORDER

The case is **STAYED.**

Petitioner may file a motion for relief from judgment with the state court within ninety days of receipt of this Court's Order. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will lift the stay.

Petitioner is **ORDERED** to notify the Court within seven days from the time he files a motion for relief from judgment. The case will then be held in abeyance pending Petitioner's exhaustion of his new claims.

Petitioner may file an amended habeas petition, using the same caption and case number, within ninety days after the conclusion of the state-court post-conviction proceedings. Upon receipt of Petitioner's amended habeas petition, the Court will lift the stay.

Failure to comply with any of the conditions of the stay could result in the Court lifting the stay, reinstating the original petition for a writ of habeas corpus, and adjudicating only those claims that were raised in the original petition.

**IT IS SO ORDERED.**

Dated: January 28, 2020       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, January 28, 2020, using the Electronic Court Filing system and/or first-class U.S. mail.

     s/William Barkholz
     Case Manager